RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 0 8 2017

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

**United States Federal Court**
75 Spring Street S.W.
Atlanta, GA
Northern Division

# 1:17-CV-0875

**Civil Rights Complaint**

AE.                                    CLERK ... **FUNDAMENTAL**

Plaintiff is a processing a forma pauper is Plaintiff can hardly be expected to understand the intricacies of Federal Magistrates Act.

Wimmer v. Cook, 774 F 2d 66 (4th Cir 1985)

Pro se pleadings by plaintiff must be liberally construed, with regard for technicalities.

Wallace v. McManus, 776 F 2d 915 (10th Cir 1985)

There is to construe pleadings liberally and to afford plaintiff benefit of any doubt in civil rights cases, where plaintiff pro se, pre se pleading are to be held to a less stringent standard than pleading drafted by attorney.
Balisteri v. Pacific Polices Dept., 901 F 2d 696 (9th Cir 1990);

Kelly v. McGinnis, 899 F 2d 612 (7th Cir 1990)

Plaintiff brought this 1983 42 U.S.C. complaint Department of Administrators for Constitutional violations, due process of law, conspiracy, and harassment. These defendants are acting under color of state law and under statue. An agency must follow his own procedures even though this procedure is more stringent.

Payne v. Book, 714 F 2d 1510 (11th Cir 1984);

These defendants are being sued by a private and profess capacity. Plaintiff has already had four (4) heart attacks at the time. All he can receive form these defendant's is punitive damages, monetary damages, and compensatory damages from of state, Georgia Department of Driving Services, and et. John Doe for Constitutional violations, curl and unusual punishment, and due process of law.

Eleventh Amendment does not provide immunity to state officials sued in their personal capacities.
Dubs v. State University of New York, 900 F 2d 87 (2nd Cir 1990).

Supervisory officers can only be held liable under respondent supervisor theory if they fail to train or control subordinates who cause the plaintiff's injury. White v. Farrier, 849 F 2d 322 (8th Cir 1988);
Michigan Secretary of State and Georgia Department of Driver Services are subject to liability where

(Form 4)

# Affidavit Accompanying Motion for
# Permission to Appeal In Forma Pauperis

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 08 2017

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

United States District Court for the _____ District of ___ A ___

**A. B., Plaintiff**

v.                                                        Case No. _____

**C. D., Defendant**

---

**Instructions:** Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write in that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number.

---

**Affidavit in Support of Motion**

I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. § 1746; 18 U.S.C. § 1621.)

Date: _____   Signed: *Leroy Walton*

---

...is summoned to court once -

...uspended license I told him my license wasn't **suspended** he ordered me to give them to the court appointed attorney. The Court appointed attorney ran in there and called Secretary of State Michigan. Then when he came back he told the judge that his license is not expired. The judge then told the attorney to hide the records in case he tries to bring a civil law suit and get him out of here. I was released immediately and went outside to call my wife. She picked me up and took me home after being at question for 30 days trying to figure out why these people would try to cover my drivers license and take my truck. Every time I would talk they would violate my civil rights and constitutional license and take my truck. _____ writing people I had here all about it.

This is what happened. We tried to drive from Michigan to Georgia. A million dollars in medical bills. I've enclosed these documents so you are aware how corrupt



Leroy Walton do not have money to pay filing fee. I am totally indigent. I don't have any money or property. I don't have anything due to the city of Atlanta

*This is what Leroy Walton is complaining about he is totally indigent*

## Civil Rights
### Affidavit of Fact

You will find a copy of showing the continues of this case. In the month of December the 2012 defendents ordered Leroy Walton to come to court regarding expired Michigan driver's license a year and a half ago at approximately 7:00pm Leroy Walton and 2 of his companions went into the station to to bring a lottery ticket and prior to the 2 young men going into the store they told me to be careful since it was dark and I was from up North. 15 minutes later a police car pulled up and asked to see my license. I pulled my Michigan drivers license out and he went to the car and checked my license. He came back and said my license was expired I told him they were not expired and that I had only down here for 5 days. I was here to purchase a transmission and he said your license is expired they put the hands on their guns and called a tow truck and called a wagon to take me and my companions to jail the next morning we were up at 5:00am to go to court and the officer came by and I was to sick to go to court because I was suffering from a heart attack and stroke. I was then taken to Grady hospital where I mained chained to a bed for 10 days. On the 11th day I was returned to the jail and the next morning I is summoned to court. Once I was before the judge he asked how I pleaded regarding driving on a uspended license I told him my license wasn't suspended he wanted to give them to the court appointed attorney. The Court appointed attorney ran in there and called Secretary of-State Michigan. Then when he came back he told the judge that his license is not expired. The judge then told the attorney to hide the records in case he tries to bring a civil law suit and get him out of here. I was released immediately and went outside to call my wife. She picked me up and took me home after being at question for 30 days trying to figure out why these people would try to cover my drivers license and take my truck. Every time I would talk they would violate my civil rights and constitutional

*This is what happened. We tried to drive from Michigan to Georgia. A Million dollars in medical bills I've enclosed these documents so you are aware how corrupt*

*Leroy Walton do not have money to pay fingfee. I am totally indigent I dont have any money or property. I don't have anything due to the city of Atlanta*

## Civil Rights
### Affidavit of Fact

You will find a copy of showing the continues of this case. In the month of December the 2012 defendents ordered Leroy Walton to come to court regarding expired Michigan driver's license a year and a half ago at approximately 7:00pm Leroy Walton and 2 of his companions went into the station to to bring a lottery ticket and prior to the 2 young men going into the store they told me to be careful since it was dark and I was from up North. 15 minutes later a police car pulled up and asked to see my license. I pulled my Michigan drivers license out and he went to the car and checked my license. He came back and said my license was expired I told him they were not expired and that I had only down here for 5 days. I was here to purchase a transmission and he said your license is expired they put the hands on their guns and called a tow truck and called a wagon to take me and my companions to jail the next morning we were up at 5:00am to go to court and the officer came by and I was to sick to go to court because I was suffering from a heart attack and stroke. I was then taken to Grady hospital where I was chained to a bed for 10 days. On the 11th day I was returned to the jail and the next morning I is summoned to court. Once I was before the judge he asked how I pleaded regarding driving on a suspended license I told him my license wasn't suspended he ordered me to give them to the court appointed attorney. The Court appointed attorney ran in there and called Secretary of State Michigan. Then when he came back he told the judge that his license is not expired. The judge then told the attorney to hide the records in case he tries to bring a civil law suit and get him out of here. I was released immediately and went outside to call my wife. She picked me up and took me home after being at question for 30 days trying to figure out why these people would try to cover my drivers license and take my truck. Every time I would talk they would violate my civil rights and constitutional writing people I had here all about it.

This is what happened. We tried to drive from Michigan to Georgia. A million dollars in medical bills I've enclosed these documents so you are aware how corrupt

Leroy Walton do not have money to pay fine/fee. I am totally indgent I don't have any money or property. I don't have anything due to the city of Atlanta

6388 Sunflower Pl.
Lithonia Ga.
30038

231 W. Lafayette Blvd.

4827

troit, MI 48226

I, Leroy Walton, being first duty sworn, deposes and say that I am the plaintiff in the above entitled case; that in support of my motion to proceed on appe without being required to prepay fees, cost; or give security therefore. I state that because of my poverty I am unable to pay the cost of said proceeding or to give security therefore; that I believe I am entitled to redress;          the issues which I desired to present          are the following:

I am energy. I get $675 a month and my wife gets $250.  This mone is used for transportation to and from the doctor through Uber.

I, LeRoy Walton, plantiff in this case. I do not Have any property or money in the bank. The defendants in this case have taken my ability to function, my life, and have deprived my grand children of a college education Since 2012, these defendants has caused my health insurance, I spent 4 million dollars just driving from Michigan to Atlanta. All the plantiffs have is a hope and a dream that you will held these defendants responsible.



RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 0 8 2017

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

LEROY WALTON,

    Plaintiff,

V

Defendants

# 1:17-CV-0875

Leroy Walton Vs. City of Atlant Plaintiff

Mayor of Atlanta
Kasim Reed

Judge Gary Jackson
160 Prior Street Rm J-301
Atlanta, GA 30303

Dennis Collier
160 Prior Street Rm J-301
Atlanta, GA 30303

Cicely Barber
See for Jane Morrison
160 Prior Street Rm J-301
Atlanta, GA 30303

City of Atlanta

Rosaline Murphy Joy
150 Garnett Street 2nd Floor
Atlanta, GA 30303

Paul Howard
City of Atlanta
Office of the Municipal Clerk, et. al.

Rhonda Dauphin Johnson, CMC, et. al.
Jane Morrison, et. al.
Dennis Collier, et. al.
Gray Jackson, et. al.
Carsmith et. al.

et. al.

The Federal Rules of Civil Procedure. Plaintiff is reminded that service by mail is
inappropriate. Failure to comply with this Order may result in dismissal of this
action pursuant to LR 41.3 NDGa.

United States District Judge
Northern District of Georgia

# AFFIDAVIT OF FACTS
## CIVIL RIGHTS

**Leroy Walton**

Plaintiff

VS.
Defendant

Federal Northern District of Georgia
U.S. District Court Northern District
Richard B. Russell Federal B...
2211 U.S. Courthouse
75 Ted Turner ... Blvd.
Atlanta, GA 30303

Mayor of Atlanta
Kasim Reed

Judge Gary Jackson
160 Prior Street RmJ-301
Atlanta,GA 30303

Dennis Collier
160 Prior Street RmJ-301
Atlanta,GA 30303

Cicley Barber
See for Jane Morrison
160 Prior Street Rm J-301
Atlanta,GA 30303

City of Atlanta

Rosaline Murphy Joy
150 Garnett Street SW 2nd Floor
Atlanta,GA 30303

United States District Court
75 Spring Street
SW Atlanta, GA
Northern District

Civil Rights Complaint
Filed by Leroy Walton

Leroy Walton, Plaintiff
V.
Paul Howard, Defendants ET All
City of Atlanta
Office of the Municipal
Clerk
et all
Rhonda Dauphin Johnson, CMC
et all
Jane Morrison
et all
Dennis Collier
et all
Gray Jackson
Et all
Carsmith et all

gia

et alls



# United States District Court

## Northern Division

### Certification of Service

I hereby certify that I have this day served a copy of the within and foregoing "Rule 5.2 Certificate of Service" upon all parties to this matter by depositing a true copy of same on the U.S. Mail, with proper postage prepaid, addressed to counsel of record as follows:

Leroy Walton
6308 Sunflower PL
Lithonia, GA 30038

---

**Leroy Walton vs.**                                     **ET John Doe AllS**

**Leroy Walton vs. City of Atlanta Plaintiff**           **IN PROPRIA PERSONA**

---

Caldwell v. Miller, 790 F2d 589 (7th Cir 1996);

Anderson v. Smith, 697 F2d 239 (8th Cir 1983);

Hick's v Frey 992 F2d 1450, 1457 (6th Cir 1993)
Scher v Engelke, 943 F2d 921, 924 (8th Cir 1981)
Kingsley v Bureau of Prison's 937 F2d 2632 (2nd Cir 1986)

Kaseem Reed Mayor of Atlanta
Judge Gary Jackson
Dennis Collier
Cicley Barber (see for Jane Morrison)

City of Atlanta

under Color of State of Law of Right's secured by the Constitu-
tion.   See: Monroe v Pape, 365 US 167 (1961);

ET John Doe AllS

IN PROPRIA PERSONA

**Leroy Walton vs. City of Atlanta**

217 US 349, 368 (1910). This statement is so true today as it was in 1910.

**Plaintiff**

LEROY WALTON   under Color of State of Law of Right's secured by the Constitution.   See: Monroe v Pape, 365 US 167 (1961);

Leroy Walton, Plaintiff   within the protection of 42 U.S.C. § 1983 See: Cooper v ate, 378 US 546, 84 S Ct 1733, 13 L Ed 2d 103 (1964).

**Defendants**   Ween's v United States, case enforce under 1983 what constitutes a cruel and unusua

City of Atlanta   punishment has not been exactly decided. See: Rudolph v Alabama, 375 US 889, 890, 891 (1963) (Dissenting

Rosaline Murphy Joy
150 Garnett Street 2nd Floor
Atlanta, GA 30303   These defendant taken my life away from me from driving from Michigan

Paul ' ward   to georgia 2012 to present
City of Atlanta   they spent millions on medical bills
Office of the Municipal Clerk, et. al.   relating to heart conditions

Rhonda Dauphin Johnson, CMC, et. al.

Jane Morrison, et. al.

Dennis Collier, et. al.

Gray Jackson, et. al.

Carsmith et. al.

Mr. Leroy Walton as had eight heart attacks and two strokes as a results of these Defendance. Mr. Walton have been in the Hillandal Hospital and Piedmont Hospi and golden living nursing home and Rockdale Hospital & Nursi home, Dekalb medical. He is total



# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

LEROY WALTON,                         *
                                      *
      Plaintiff,                 *
                                      *
   v.                                 *
                                      *
                                      *
                                      *
                                      *
                                      *
      Defendants.                *

Civil Rights

I, Leroy Walton, being first duty sworn, deposes and say that I am the plaintiff, in the above entitled case; that in support of my motion to proceed on appeal without being required to prepay fees, cost; or give security therefore, I state that because of my poverty I am unable to pay the cost of said proceeding or to give security therefore; that I believe I am entitled to redress; and that the issues which I desired to present on.           . are the following:

I am energy. I get $675 a month and my wife gets $250.  This money is used for transportation to and from the doctor through Uber.

Mailing address

U.S. Department of Justice
Civil Rights Division
950 P     sylvania Avenue, N.W.

## AFFIDAVIT OF FACTS
## CIVIL RIGHTS

You will find a copy of showing continues of this case. In the month of December year 2012, defendants ordered Leroy Walton to come to court regarding expired Michigan driver's license a year and a half ago at approximately 7:00p.m. Leroy Walton and 2 of his companions went into the station to bring a lottery ticket and prior to the 2 young men going into the store they told me to be careful since it was dark and I was from up North. 15 minutes later a police car pulled up and asked to see my license. I pulled my Michigan driver's license out and he went to the car and checked my license. He came back and said my license was expired I told him they were not expired and that I had only been down here for 5 days. I was here to purchase a transmission and he said your license is expired they put their hands on their guns and called a tow truck and called a wagon to take me and my companions to jail. The next morning we were up at 5:00a.m. To go to court and the officer came by and I was too sick to go because I was suffering from a heart attack and stroke. I was then taken to Grady hospital where I remained chained to a bed for 10 days. Once I was before the judge he asked how I pleaded regarding driving on a suspended license, I told him my license wasn't suspended he ordered me to give them to the court appointed attorney. The Court appointed attorney ran in there and called Secretary of State in Michigan and when he came back he told the judge that his license is not expired! The judge then told the attorney to hide the records in case he tries to bring a civil law suit and get him out of here. I was released immediately and went outside to call my wife. She picked me up and took me home after being questioned for 30 days tr ing to figure out why these people would try to cover my driver's license and take my tr      Every time I would talk they would violate my civil rights and constitutional rights I was a     e of the bogus tickets they were writing people, I had heard all about it.

Leroy Walton and Family

As a result of driving from Michigan to Georgia, the police stomped and said his drivers license was suspended and pushed head into the dash. The computer said the drivers licensed was suspended. The police call the tow truck and had Walton's truck towed away and called the paddy wagon for to have Walton transported to the county jail.

Walton was shaken so bad he did not know what was going on. Walton was taken the next to Grady Hospital where he learned that he had a heart attack and a stroke. This was Walton's first heart attack. Walton has been in Hillendale 50 for heart related issues dealing with the police in 2012. Walton was in the hospital and ordered physical therapy and speech therapy. That was Walton's 50 times to go to Hillendale. After Walton returned home he had to go into physical therapy, occupational therapy and speech therapy for 40 days. This was Walton's fourth heart attack. He was released home and after 2 weeks his heart stopped again and was rushed to Rockale Hospital for 30 days were they tried to revive Walton's heart. He was transferred to Rockdale Nursing Home. After finishing therapy, speech and physical therapy he was released home. After being home for 4 months he was then having trouble and transferred to Golden Living nursing home. While there he speech and physical therapy for 30 days.

Then Golden living was concerned about the response and had me transferred to Emory University after being in Emory for 30 days they did not make revive my heart. I was transferred then to Piedmont Hospital where they began to revive my heart of the 8th time. The priest in the chapel sat there and the doctor explained Walton was not going to make it and Walton could hear his family crying. Walton motioned for a pencil and paper and asked the priest to deliver the message to Elenore Ross (11 Circuit Judge. Each time Walton was in the hospital filed a discover to Elenore Ross over 400 times. The Chaplin wrote everything down and prayed with Walton that his heart would start up to allow him one more time to write Eleonore ross to explain to her the suffering that I have endured  because trying to find used transition parts from pull –a-parts the Chaplin told Walton don't worry. You didn't go through all this pain and suffering for nothing. You have exposed the corruption in the federal courts and the state courts. You took on the whole world and we love you and god bless you.

My third daughter Lillian was with me all the way. Ups nights and days and taken off sleep and calling the hospital and can't imagine what she endured and can attest to Emory and Piedmont and the other hospitals too.

If you have any question call me 404 399 4637
6308 sunflower place
Lithonia, GA 30038

The people in the United States are sick and tired of corruptions.

Cc file
United States justice department

United States Federal Court
75 Spring Street S.W.
*Atlanta, GA*
Northern Division

**Civil Rights Complaint**

Slaughter House Cases, 16 Wall. 36, 67-72 (1873); *Strauder v. West Virginia*, 100 U.S. 303, 307-308 (1880): "It's ordains that no state shall deprive any person of life , liberty, or property without due process of law or deny within any person within jurisdiction the equal protection of laws. What is this but [347 U.S. 483, 491 declaring that the law in the states shall be the same for the black as for the white; that all persons, whether colored or white, shall stand equal before the laws of the States, and, in regard to the colored race, for whose protection of *the amendment* was primarily designed, that no discrimination shall be made against them by law because of their color? The of the amendment, it is true, are prohibitory, but they contain a necessary implication of positive immunity, or right, most valuable to the colored race, the right to exemption from unfriendly legislation against them distinctively as colored, --exemption from legal discrimination, implying inferiority in civil society, lessening the security of their enjoyment of the rights which others enjoy, discrimination which are step towards reducing them to condition of a subject race. Virginia v. Rives, 100 U.S. 313, 318 (1880); Ex Parte Virginia, 100 U.S. 339, 344-345 (1880).

The doctrine apparently originated in Roberts v. City of Boston, 59 Mass. 198, 206 (1850), upholding school segregation against attack as being violative of the state constitutional guarantee of equality. Segregation in Boston public schools was eliminated in 1855.
Morgan v. Virginia 328 U.S.; Patton v. Mississippi, 332 U.S. 463 (1947); Shelly v. Kraemer, 334 U.S. 1 (1948); Garner v. Louisiana. 368 U.S. 157 (1961); Chambers v. Florida, 309 U.S. 227 (1940); Smith v. Allwright, 321 U.S. 649 (1944); Grovey v. Townsend, 295 U.S. 45 (1935); Sipuel v. University of Oklahoma 332 U.S. 631 (1948); Sweatt v. Painter, 339 U.S. 629 (1950); McLaurin v. Oklahoma State Regents, 339 U.S. 637 (1950); Brown v. Board of Education of Topeka, 347 U S. 483 (1954); Keyishian v. Board of Regents, 345 F. 2d 236, 239 (2d Cir.1965); Anglet v. Fay, 333 F. 2d (2d Cir. 1964); People of New York v. Cruikshank, 92 U.S. 542 (1876); United States v. Price, 383 U.S. 787 (1966); United States v. Guest, 383 U.S. 745 (1966); Miranda v. Arizona, 384 U.S. 436 (1966); Stanley v. Georgia, 349 U.S. 557 (1969);

Furman v. Georgia, 408 U.S. 238 (1972); Gregg v. Georgia, Proffitt v. Florida, Jurek v. Teaxas, Woodson v.North Carolina, and Roberts v. Louisiana, 428 U.S. 153 (1976); Roe v. Wade, 410 U.S. 153 (1976); Roe v. Wade, 410 U.S. 113 (1973); Milliken v. Bradley, 418 U.S. 717 (1974); San Antonio School District v. Rodriguez, 411 U.S. 1 (1973); Regents of the University of California v. Bakke, 438 U.S. 265 (1978); Baker v. Carr, 369 U.S. 186 ( 1962); Reynolds v. Sims, 377 U.S. 553 (1964); Gideon v. Wainwright, 372 U.S. 335 (1963); Miranda v  Arizona 384 U.S. 436 (1966); Engel v. Vitale, 370 U.S. 421 ( 1962); Swann v.

Morgan v. Virginia, 328 U.S.; Patton V. Mississippi, 332 U.S. 463 (1947); Shelley v. Kraemer, 334 U.S. 1

(1948); Garner v. Louisiana, 368 U.S. 157 (1961); Chambers v. Florida, 309 U.S. 227 (1940); Smith v.

Allwright, 321 U.S. 649 (1944); Grovey v. Townsend, 295 U.S. 45 (1935); Sipuel v. University of Oklahoma

332 U.S. 631 (1948); Sweatt v. Painter, 339 U.S. 629 (1950); McLaurin v. Oklahoma State Regents, 339

U.S. 637 (1950); Brown v. Board of Education of Topeka, 347 U.S. 483 (1954); Keyishian v. Board of

Regents, 345 F.2d 236, 239 (2d Cir. 1965); Anglet v. Fay, 333 F.2d (2d Cir. 1964); People of New York v.

Galamison, 342 F.2d 255 (2d Cir. 1965); Hetenyi v. Wilkins 348 F.2d 844 (2d Cir. 1965); United States v.

Cruikshank, 92 U.S. 542 (1876); United States v. Price, 383 U.S. 787 (1966); United States v. Guest, 383

U.S. 745 (1966); Miranda v. Arizona, 384 U.S. 436 (1966); Stanley v. Georgia, 349 U.S. 557 (1969);

Furman v. Georgia, 408 U.S. 238 (1972); Gregg v. Georgia, Proffitt v. Florida, Jurek v. Texas, Woodson v.

North Carolina, and Roberts v. Louisiana, 428 U.S. 153 (1976); Roe v. Wade, 410 U.S. 113 (1973); Milliken

v. Bradley, 418 U.S. 717 (1974); San Antonio School District v. Rodriguez, 411 U.S. 1 (1973); Regents of

the University of California v. Bakke, 438 U.S. 265 (1978); Baker v. Carr, 369 U.S. 186 (1962); Reynolds v.

Sims, 377 U.S. 553 (1964); Gideon v. Wainwright, 372 U.S. 335 (1963); Miranda v. Arizona 384 U.S. 436

(1966); Engel v. Vitale, 370 U.S. 421 (1962); Swann v. Charlotte-Mecklenburg Board of Education, 402

U.S. 1 (1971); United States v. U.S. District Court, 407 U.S. 297 (1972); Golberg v. Kelly, 397 U.S. 254

(1970); Dandridge v. Williams, 397 U.S. 471 (1970); United States v. Kras, 409 U.S. 434 (1973); Personnel

Administrator of Massachusetts v. Feeney, 442 U.S. 256 (1979); Lyng v. Castillo, 477 U.S. 635 (1986); City

of Richmond v. J.A. Croson, Co., 488 U.S. 469 (1989); Adarand Constructors, Inc. v. Pena, 515 U.S. 200

(1995); Negre v. Larsen, 394 U.S. 968 (1969); Clay v. United States, 403 U.S. 698 (1971); Mitchell v.

United States, 386 U.S. 972 (1967); Luftig v. McNamara, 387 U.S. 945 (1967); Mora v. McNamara, 389

U.S. 934 (1967); Hart v. United States, 391 U.S. 956 (1968); Holmes v. United States, 391 U.S. 936 (1968);

Schlesinger v. Holtzman, 141 U.S. 1321 (1973); Payne v. Tennessee, 501 U.S. 88 (1991); Booth v.

Maryland, 482 U.S. 496 (1987); South Carolina v. Gathers, 490 U.S. 805 (1989), 498 U.S. 1076 (1991);

Sorann's Gasco v. Morgan, 874 F 2d 1310 (9th Cir 1989); Deliberate retaliation by state against individual's exercise of right's to petition the government for redress under Civil Rights statute. Wildbergar v. Bracknell, 869 F 2d 1467

Defendants are operating under the color of state law of rights secured by the Constitution of the United States. Defendant's violated their own statutes and state law and federal law attempts to destroy the Plaintiff's life

Who's seeking money damage from these defendant's for violation of Constitutional Rights. Plaintiff is not required to exh⁯ ⁯ his administrative remedies prior to filing a 1983 s 42

U.S.C., seeking money damages. Muhammad v. Carlson, 739 F 2d 122

(3rd Cir 1984); officials must obey their own statutes.

It infringes on exercise of First Amendment Right's guaranteed by the Constitution of the United States.

Wisconsin Action

Coalition v. city of Kenosha, 767 F 2d 502, 503 (8th Cir 1985);

See: Estelle v. Gamble, 429 US 97, 50, L Ed 2d 251, 97 S Ct 283 (1976);

Hutto v. Finnley, 437 US 678, 57 L Ed 2d 522, 98 S Ct 2565 (1978);

Hutching v. Corum, 501 F Supp 1293 (W D Missouri 1980)

Under Color of State or Law of Right's secured by the Constitution. See: Monroe v. Pape, 365 US 157 (1961);

Leroy Walton, Plaintiff within the protection of 42 U.S.C. S 1983. See: Cooper v. pete, 378 US 546, 84 S Ct 1733, 12 L Ed, 2d 1030 (1964). The right to be free from cruel and unusual punishment is one of the right's Leroy Walton in a proper case enforce under 1983 what constitutes a cruel and unusual punishment has not been exactly decided, Weem's v. United States, 217 US 349, 368 (1910). This statement is so true today as it was in 1910. It is possible however to identify three general approach's to questions. See: Rudolph v. Alabama, 375 US 889, 890, 891 (1963) (disssenting opinion of Goldbery J. )The first approach is to ask whether under all circumstances the punishment in question is of. Such Character as to shock general conscience to be intolerable to fundamental fairness.

See: Forbe's v Trigg, 976 F 2d 308, 316-317 (7th Cir 1992); McFarland v Cassady, 779 F 2d 1426, 1428 (9th Cir 1986); King v Well's, 760 F 2d 89, 93 (6th Cir 1983); Bartholomew v Watson. 665 F 2d 112. 112-123 (2nd Cir 1983); Bartholowmew v Watson, 665 F 2d 915 (9th Cir 1982); Fox v Coughlin. 893 F 2d 1102. 1104 (10th Cir 1991).

See: Robinson v State of California. 370 US 660 (1962;); Monrow v Pape. 365 US 167 (1961;; Weem's v United States, 217 US 349, 368 (1910); Rudolph v Alabama, 375 US 889, 890-891 (1963);; Lee v Tahash. Supra, 352 F 2d 972; Weem's v United States, Supra, 217 US at 378; Trop v Drille's. 356 US 86, 100-101 (1958); Rudolph v Alabama, Supra, 375 US at 890; Weem's v United States, Supra; Robinson v State of California, Supra, at 676; Rudolph v Alabama. Supra. 375 US a t 891; Jorden v Fitzharris; See: Reaid V Lee 396 F 2d 749 (5th Cir 1968); Wright v McMann, Supra.

United States Federal Court
75 Spring Street S.W
*Northern Division*

Civil Rights Complaint

Slaughter House Cases, 16 wall. 36, 67-72 (1873); Strauder v. West Virginia, 100 U.S.303, 307-308 (1880): "Its ordains that no state shall deprive any person of life, liberty, or property, without due process of law or deny within any person within jurisdiction the equal protection of laws. What is this but [347 U.S. 483, 491 declaring that the law in the states shall be the same for the black as for the white; that all person, whether colored or white, shall stand equal before the laws of the States, and, in regard to the colored race, -- the right to exemption from unfriendly legislation against them distinctively as colored,-- exemption from legal discrimination, implying inferiority in civil society, lessening the security of their enjoyment of the rights which others enjoy, discrimination which are step towards reducing them to condition of a subject race. " Virginia v. Rives, 100 U.S 313, 318 (1880); Ex Parte Virginia, 100 U.S. 339, 344-345 (1880).

The doctrine apparently originated in Roberts v. City of Boston, 59 Mass. 198, 206 (1850), upholding school segregation against attack as being violative of the state constitutional guarantee of equality. Segregation in Boston public schools was eliminated in 1855.

October 16, 2015

United States Federal Court

75 Spring Street S.W.

Atlanta, GA

Northern Division

**Civil Rights Complaint**

Slaughter House Cases, 16 Wall. 36, 67-72 (1873); Strauder v. West Virginia, 100 U.S. 303, 307-308

(1880): "It's ordains that no state shall deprive any person of life, liberty, or property without due

process of law or deny within any person within jurisdiction the equal protection of laws. What is this

but [347 U.S. 483, 491 declaring that the law in the states shall be the same for the black as for the

white; that all persons, whether colored or white, shall stand equal before the laws of the States, and, in

regard to the colored race, for whose protection of the amendment was primarily designed, that no

discrimination shall be made against them by law because of their color? The of the amendment, it is

true, are prohibitory, but they contain a necessary implication of positive immunity, or right, most

valuable to the colored race, the right to exemption from unfriendly legislation against them

distinctively as colored, --exemption from legal discrimination, implying inferiority in civil society,

lessening the security of their enjoyment of the rights which others enjoy, discrimination which are step

towards reducing them to condition of a subject race. Virginia v. Rives, 100 U.S. 313, 318 (1880); Ex

Parte Virginia, 100 U.S. 339, 344-345 (1880).

The doctrine apparently originated in Roberts v. City of Boston, 59 Mass. 198, 206 (1850), upholding

school segregation against attack as being violative of the state constitutional guarantee of equality.

Segregation in Boston public schools was eliminated in 1855.

United States Federal Court                    *September 1st, 2015*
75 Spring Street S.W
Atlanta, GA
Northern Division                              **Civil Rights Complaint**

Slaughter House Cases, 16 Wall. 36, 67-72 (1873); Strauder v. West Virginia, 100 U.S. 303, 307-308

(1880): " Its ordains that no state shall deprive any person of life, liberty, or property, wihout due

process of law or deny within any person within jurisdiction the equal protection of laws. What is this

but [347 U.S. 483, 491 declaring that the law in the states shall be the same for the black as for the

white; that all persons, whether colored or white, shall stand equal before the laws of the States, and, in

regard to the colored race, for whose protection of the amendment was primarily designed, that no

discrimination shall be made against them by law because of their color? The of the amendment, it is

true, are prohibitory, but they contain a necessary implication of positive e immunity, or right, most

valuable to the colored race,-- the right to exemption from unfriendly legislation against them

distinctively as colored,-- exemption from legal discrimination, implying inferiority in civil society,

lessening the security of their enjoyment of the rights which others enjoy, discrimination which are step

towards reducing them to condition of a subject race." Virginia v. Rives, 100 U.S. 313, 318 (1880); Ex

Parte Virginia, 100 U.S. 339, 344-345 (1880).

The doctrine apparently originated in Roberts v. City of Boston, 59 Mass. 198, 206 (1850), upholding

school segregation against attack as being violative of the state constitutional guarantee of equality.

Segregation in Boston public schools was eliminated in 1855.

# United States District Court

## Northern Division

## Civil Rights

Erroneous charges from the plaintiff's file. Parties who join conspiracy becomes criminally liable for all acts done in furthrerance thereof. US v. Mobile Materials, Inc., 881 F 2d 866 (10th Cir 1989) if he played only a minor role in total scheme. Proof is sufficient, if it shows an unlawful agreement, knowledge of agreement, and their voluntary cooperation in inllegal venture. US v. Clark, 732 F 2d 1536 (11th Cir 1984); has the right to expect officials to follow it's policies and regulations. Caldwell v. Miller 790 F 2d 589 (7th Cir 1986); Anderson v. Smith, 697 F 2d 239 (8th Cir 1983).

D

Sorann's Gasco v. Morgan, 874 F 2d 1310 (9th Cir 1989); Deliberate retaliation by state against individuals's exercise of rights' to petition the government for redress under Civil Rights statute. stamped for action with this court pursuant to Federal Rules of Civil Procedure.

Wildberger v. Bracknell, 869 F 2d 1467. Detendant's are operating under the color of state law of rights secured by the constitution of the United States. Defendan'ts violated their own statutes  and state law and federal law. Attepmts to destroy the Plaintiff's life who's seeking money damage from these defendan't fo violtion of Constitutional Rights. Plaintiff is not required to exhaust his administrative remedies prior to filing a 1983 42 U.S.C., seeking money damages. Muhammad v. Carlson, 739 F 2d 122 (3rd Cir 1984); Officials must obey their own statutes. It infringes on exercise of First Amendment Rights, guaranteed by the Constitutuion of the United States. Wisconsin Action Coalition v. City of Kenosha, 767 F 2d 502, 503 (8th Cir 1985); 97 50 Led 2d 251, 97 S Ct 283 (1976); Hutto v. Finnley, 437 US 678, 57 L Ed 2 d 522, 98 S Ct 2565 (1978); Hutching v. Corum, 501 F Supp 1293 (W D Missouri 1980);

Cite: Gandhi  V. Police Dept. of City of Detroit, 747 F2d 338 (6th Cir. 1984); stokes V. Delcambre, 710 F2d 1120 (5th Cir. 1983); Maggett V. Delshierm , 709 F2d 800 (2cd Cir. 1983) (Supervisory Personnel are subject to liability where evidence established that they authorized or approved unconstitutional conduct of the offending officers.

Dube v. State University of New York , 900 F2d 587 (2nd Cir. 1990). Plaintiff is seeking injunctive relief against these defendants in a private and professional capacity. Monetary, punitive, compensatory for different times using erroneous information. And for violating their policies. Pulliam V. allan, 466 US 52, 80 Led 2D 525, 104 SCT. 1970 (1984); Wahl v. McIver, 773 F2d 1169, 1172

1987); Mirele's v Waco, 502 US 9; 112 S Ct 286, 289 (1991); Walachowski v City of Keene, 787 F 2d 704, 710 (1st Cir); Boyd v Bigger's , 31; Randle v Gregart, 965 F 2d 90, 93 (6th Cir 1992).

The Defendant certainly has no respect for human life for falsifying record, Common sense have told Police to treat Plaintiff accordingly. These persons are supposed to be up holders of the law. While they are rally tearing apart a human's life. This certainly isn't part of their job description.


See: Aswegan v Bruhl, 965 F 2d 667,677,678 ( 8th Cir 1992); Hill v Marshall, 962 F 2d 1209, 1213-1214 (6thCir 1992); Johnson v Hay, 931 F 2d 456, 461-462 ( 8th Cir 1991); Boretti v Wiscomb, 930 F 2d 1150,1156 (6th Cir 1991); Johnson v Handin County

Sorann's Gasco v. Morgan, 874 F 2d 1310 (9th Cir 1989); Deliberate retaliation by state against individuals's exercise of rights' to petition the government for redress under Civil Rights statute. Wildberger v. Bracknell, 869 F 2d 1467. Defendant's are operating under the color of state law of rights secured by the constitution of the United States. Defendan'ts violated their own statutes  and state law and federal law. Attepmts to destroy the Plaintiff's life who's seeking money damage from these defendan't fo violtion of Constitutional Rights. Plaintiff is not required to exhaust his administrative remedies prior to filing a 1983 42 U.S.C., seeking money damages. Muhammad v. Carlson, 739 F 2d 122 (3rd Cir 1984); Officials must obey their own statutes. It infringes on exercise of First Amendment Rights, guaranteed by the Constitutuion of the United States. Wisconsin Action Coalition v. City of Kenosha, 767 F 2d 502, 503 (8th Cir 1985); 97 50 Led 2d 251, 97 S Ct 283 (1976); Hutto v. Finnley, 437 US 678, 57 L Ed 2 d 522, 98 S Ct 2565 (1978); Hutching v. Corum, 501 F Supp 1293 (W D Missouri 1980);

Cite: Gandhi  V. Police Dept. of City of Detroit, 747 F2d 338 (6th Cir. 1984); stokes V. Delcambre, 710 F2d 1120 (5th Cir. 1983); Maggett V. Delshierm , 709 F2d 800 (2cd Cir. 1983) (Supervisory Personnel are subject to liability where evidence established that they authorized or approved unconstitutional conduct of the offending officers.

Dube v. State University of New York , 900 F2d 587 (2nd Cir. 1990). Plaintiff is seeking injunctive relief against these defendants in a private and professional capacity. Monetary, punitive, compensatory for different times using erroneous information. And for violating their policies. Pulliam V. allan, 466 US 52, 80 Led 2D 525, 104 SCT. 1970 (1984); Wahl v. McIver, 773 F2d 1169, 1172

Erroneous charges from the plaintiff's file. Parties who join conspiracy becomes criminally liable for all acts done in furthrerance thereof. US v. Mobile Materials, Inc., 881 F 2d 866 (10th Cir 1989) if he played only a minor role in total scheme. Proof is sufficient, if it shows an unlawful agreement, knowledge of agreement, and their voluntary cooperation in inllegal venture. US v. Clark, 732 F 2d 1536 (11th Cir 1984); has the right to expect officials to follow it's policies and regulations. Caldwell v. Miller 790 F 2d 589 (7th Cir 1986); Anderson v. Smith, 697 F 2d 239 (8th Cir 1983).

# Civil Rights

Defendants.                    *    Civil Rights Complaint

under Color of State of Law of Right's secured by the Constitu-

tion.   See: Monroe v Pape, 365 US 167 (1961);

Leroy Walton, Plaintiff.          within the protection of 42 U.S.C. § 1983.

See: Cooper v Pate, 378 US 546, 84 S Ct 1733, 12 L Ed 2d 1030

(1964).  The right to be free from cruel and unusual punishment

is one of the right's     Leroy Walton              in a proper

case enforce under 1983 what constitutes a cruel and unusual

punishment has not been exactly decided, Weem's v United States,

217 US 349, 368 (1910).  This statement is so true today as

it was in 1910.  It is possible however to identify three general

approach's to the question.  See: Rudolph v Alabama, 375 US

889, 890, 891 (1963) (Dissenting opinion of Goldberg J.)  The

first approach is to ask whether under all circumstance's the

punishment in question is of such character as to shock general

conscience or to be intolerable to fundamental fairness.

Civil Complaint

Under The Civil Rights Act

42 U.S.C. S 1983

DEFENDANT'S

Eleventh Amendment DOES NOT provide immunity for state officials sued in their in their personal capacities. Dube v. State University of New York, 900 F 2d 87 (2nd Cir 1990)

Forcing the arrest and harass the Plaintiff. Causing serious psychological damages, physical pain, mental anguish, frighten, shock, embarrassment, humiliation by putting these false charges on the Plaintiff.

Supervisory officers can only be held liable under respondent supervisor theory if they fail to train or control subordinates statute. An agency must follow his own procedure even though the procedure is more stringent.

Payne v. Block, 714 F 2d 1510 (11th Cir 1984); Police Department to arrest and harass the plaintiff on the erroneous charges. Causing serious psychological damages, physical pain, mental anguish, frighten, shock, embarrassment, humiliation who caused plaintiffs injury. White v. Farrier, 849 F 2d 322 (8th Cir 1988);

Members are subject to liability where evidence established that they authorized or appoved unconstitutuinal conduct of the offending officers. Ghandi v. Police Department of the City of Detroit, 747 F 2d 338 (6th Cir 1984); Stokes v. Delcambre, 710 F 2d 1120 (5th Cir 1983); Maggette v. Dalshiem, 709 F 2d 800 (2nd Cir 1983);

These defendant's are being sued. State officials not immune from liabilities for official acts when motivated by malicious intent to deprive plaintiffs constitutional rights. Procunier v. Navasette, 434 US 555, 55 L RF 2d 24, 98 S CT 2018 (1978); Defendan'ts violated their own policies, state law and federal law. Plaintiff brought this 1983 42 U.S.C. for Constitution violations. Municipalities are "persons: subject to suit. Monell v. Department of Social Services, 426 US 658, 56 L Ed 2d 611, 98 S Ct 2018 (1978); Eleventh Amendment DOES NOT provide immunity for state officials sued in their personal capacities. Dube v. State University of New York, 900 F 2d 587 (2nd Cir 1990); Plaintiff is seeking injunctive relief against these defendant's in their private and professional capacity. For monetary,punitive, compensatory and using erroneous information. And for violating their own polices. Pulliam v. Allen, 466 US 522, 80 L Ed 2d 565, 104 S Ct 1970 (1984); Vahl v. McIver, 773 F 2d 1169, 1172 (11th Cir 1985).

Officers can only be held liable under respondent superior theory if they fail to train or control subordinates who cause injury. White v. Farrier, 849 F 2d 322 (8th Cir 1988); Eleventh Amendment DOES NOT provide immunity for state officials sued in their personal capacities. Dube v. State University of New York, 900 F 2d 587 (2nd Cir 1990); Municipalities are to be held liable if they fail to properly train their employees regarding constitutional rights, or if they show deliberate indifference.

DEFENDENTS

Supervisory officers can only be held liable under respondent supervisor theory if they fail to train or control subordinates who cause plaintiffs injury. White v. Farrier, 849 F 2d 322 (8th Cir 1988) Eleventh Amendment DOES NOT provide immunity for state officials sured in their personal capacities. Dube v. State University of New York, 900 F 2d 587 (2nd Cir 1990); Municipalities are to be held liable if they fail to properly train their employees regarding constitutional rights, or if they show deliberate indifference. Los Angeles Police Protective League v. Gates, 907 F 2d 879 (9th Cir 1990); Canton v. Harris, 489 US ___, 103 L Ed 2d 412, 109 S Ct___(1989); Municipalities are "persons" subject to suit under S 1983. Monell v. Department of Social Services, 426 US 658, 56 L Ed 2d 611, 98 S Ct 2018 (1978)

Los Angeles Police Protective League v. Gates, 907 F 2d 879 ( 9th Cir 1990); Canton v. Harris, 489 US ___, 103 L Ed 2d 412, 109 S Ct ___(1989). Municipalities are "person" subject to suit under S 1983. Mondell v. Department of Social Services, 426 US 658, 56 L Ed 2d 611, 98 S Ct 2018 (1978)

These defendants are being sued in a private and profess capacity.

All he can receive from these defendant's is punitive damages, monetary damages, and compensatory damages. For Constitutional violations, conspiracy, cruel and unusual punishment, and due process of the law.

Municipalities are to be held liable if they fail to properly train their employees regarding Constitutional Rights, or if they show deliberate differences. Los Angeles Police Protective League v. Gates, 907 F 2d 879 (9th Cir 1990); Canton v. Harris, 489 US __ m 103 L Ed 2d 412, 109 S Ct ___ (1989); In 1992, Ghandi: v. Police Department of the City of Detroit, 747 F 2d 338 (6th Cir 1984); Maggette v. Delshiem, 709 F 2d 800 (2nd Cir 1983) (Supervisor personal are subject to liability where evidence established that they authorized or approved unconstitutional conduct of the offending officers). From 1994 of the there duties, to commit bodily harm to the Plaintiff. These false charges were not in there job description.

See: Marx v Gumbinner, 855 F 2d 783, 790 (11th Cir 1988) Burn's v Reed, 500 US 478,492,496 (1991); Allen v Lowder, 875 F 2d F 2d 918, 923 (5th Cir 1991)Wolfenbarger v William's, 826 F 2d 930,937 (10th Cir

The Defendant certainly has no respect for human life for falsifying record, Common sense have told Police to treat Plaintiff accordingly. These persons are supposed to be up holders of the law. While they are rally tearing apart a human's life. This certainly isn't part of their job description.

See: Aswegan v. Bruhl, 965 F 2d 667, 677, 678 (8th Cir 1992); Hill v. Marshall, 962 F 2d 1209, 1213-1214 (6th Cir 1992); Johnson v. Hay, 931 F 2d 456, 461,-462 (8th Cir 1991); Boretti v. Wiscomb, 930 F 2d 1150,1156 (6th Cir 1991); Johnson v. Handin County

Sorann's Gasco v. Morgan, 874 F 2d 1310 (9th Cir 1989); Deliberate retaliation by state against individuals' exercise of rights' to petition the government for redress under Civil Rights statute. Wildberger v. Bracknell, 869 F 2d 1467. Defendants are operating under the color of state law of rights secured by the constitution of the United States. Defendant's violated their own statutes and state law and federal law. Attepmts to destroy the Plaintiff's life who's seeking money damage from these defendant to violation of Constitutional Rights. Plaintiff is not required to exhaust his administrative remedies prior to filing a 1983 42 U.S.C., seeking money damages. Muhammad v. Carlson, 739 F 2d 122 (3rd Cir 1984); Officials must obey their own statutes. It infringes on exercise of First Amendment Right, guaranteed by the Constitution of the United States. Wisconsin Action Coalition v. City of Kenosha, 767 F 2d 502, 503 (8th Cir 1985); 97 S Ct 283 (1976); Hutto v. Finnley, 437 US 678, 57 L Ed 2d 522, 98 S Ct 2565 (1978); Hutching v. Corum, 501 F Supp 1293 (W D Missouri 1980);

Cite: Gandhi V. Police Dept. of City of Detroit, 747 F 2d 338 (6th Cir. 1984); Stokes v. Delcambre, 710 F 2d 1120 (5th Cir. 1983); Maggett v. Delshierm, 709 F 2d 800 (2 cd Cir. 1983) (Supervisory Personnel are subject to liability where evidence established that they authorized or approved unconstitutional conduct of the offending officers.

Dube v. State University of University of New York, 900 F 2d 587 (2nd Cir. 1990). Plaintiff is seeking injunctive relief against these defendants in a private and professional capacity. Monetary, punitive, compensatory for times using erroneous information. and for violating their policies. Pulliam v. allan, 466 US 52, 80 Led 2d 525, 104 SCT. 1970 (1984); Wahi v. McIver, 773 F2d 1169, 1172

Erroneous charges from the plaintiff's file. Parties who join conspiracy becomes criminally liable for all acts done in furtherance thereof. US v. Mobile Materials, Inc., 881 F 2d 866 (10th Cir 1989) if he played only a minor role in total scheme. Proof is sufficient, it it shows an unlawful agreement, knowledge of agreement, and their voluntary cooperation in illegal venture. Us v. Clark, 732 F 2d 1536 (11th Cir 1984); has the right to expect officials to follow it's policies and regulations. Caldwell v. Miller 790 F 2d 589 (7th Cir 1986); Anderson v. Smith, 697 F 2d 239 (8th Cir 1983).

The facts that will be presented in this complaint are the result of acts and actions that transpired at ASE State employees.

This is a Civil Rights Action filed by Leroy Walton in Prosona, asking for damages and injunctive relief under 42 USC 1983, alleging corruption, harassment, humiliation, modification of record's, Plaintiff Leroy Walton is suing the defendant and the private capacity to 1,000,000 a piece. Which caused physical pain; mental anguish, fright and shock; and psychological injury's. This a violation of the plaintiff's Civil and Constitutional Rights of the United States of America.

Rhode's   v   Chapman, 452 US at 347, Accord.

Wilson   v   Seiter, 111 S CT at 2324.


See: e.g. Hick's v Frey 992 F 2d 1450, 1457(6th Cir 1993) (extreme conduct by custodian's that cause's severe emotional distress is sufficient); Scher v Engelke. 943 F 2d 921, 924 (8th Cir 1981) (evidence of fear, mental anguish and misery can establish the requste for an Eight Amendment claim) cert denied 1125 S Ct 1516 (1992); Kingsley v Bureau of Prison's 937 F 2d 2632


(2nd Cir 1991); White v Napolean, 897 F 2d 103, 111 (3rd Cir 1990); Parish v Johnson, 800 F 2d 600, 605 (6th Cir 1986).

See: Todaro v Ward, 565 F 2d 48, 52 (2nd Cir 1977); Kelly v McGinnis, 899 F 2d 612,616 (7th Cir 1990); Boswell v Sherburn County, 849 F 2d 577, 581 (4th Cir 1989); Boswell v Sherburne County, 849 F 2d 1117, 1123 (10th Cir 1988) cert denied 488 US 1010 (1989).


Procanier V. Navasette, 434 US 555, 55 Led 2d 24, 98 SCT 2018 (1978. Defendant's violated their own policies state laws and federal law. Plaintiff brought this 1983 42 U.S.C. for constitution violations. Municipalities are " persons" subject to suit. Monell V. Dept. Social Services 426 US 658, 56 Led2d 611, 98 SCT. 2018 (1978). Eleventh amendment Does provide immunity for state officials sued in their personal.

See: Helling v Mckinney, __ US __; 113 S CT 2475, 2480 (1993); Citing Deshanney v Winnebago County Department of Social Services, 489 US 189, 199-200; 109 S Ct 998 (1989)
Wilson v Seiter, 501 US 294, 304; 111 S Ct 2321, 2327 (1989)


Carven v Bunch, 946 F 2d 451, 126 (9th Cir 1982); Wolfish v Levi, 573 F 2d 118, 125 (2nd Cir 1978), Rev'd on other ground's sub nom; Bel v Wolfish, 441 US 520 (1978); Newnam v Alabama, 559 F 2d 283, 291 (5th Cir) cert denied 438 US 915 (1978).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT CINCINNATI

Michigan drivers license. I was sweating so badly, i did not know what
was wrong. Once I arrived at the jail, I was called

up to the desk for an interview. The lady read the charges out to me.
She said i was being charged with Operating a Motor Vehicle with a
Expired Drivers License. I was taken upstairs to a room. The officers
got me up five o'clock the next morning for court. I was sitting in
the bullpen awaiting to go to court. I fell to the floor. When I came
to, I was at Grady Hospital. The doctor informed me that I have had
two heart attacks. I stayed at the hospital, chained up for 10 days. I
was taken from there and back to the county jail. I went to court the
next morning. The judge read my charges. I told the judge that my
drivers license was n t suspended. The judge called Dennis Collier and

"Plaintiff alleges that he was wrongfully arrested and illegally charged for
expired drivers licenses."

September 1, 2015

**United States Federal Court**
**75 Spring St.**
**S.W. Atlanta, GA**
**Northern Division**

**Civil Rights Complaint**

head to the computer and said " You see that's expired don't you? You
know what's fin' happen now? I'm going to tow you truck in but I'm
going to write you a ticket on driving on a Michigan Drivers License.
They two young men was listening to what the officer was saying. As
hard as they were working taking out transmissions, I knew it was
going to be a problem. Back in Detroit, these transmissions would've
sold for about eight thousand dollars ($8,000). By this time, the
crowd had gathered and I can see the shiny objects reflecting in the
light. When I was outside the truck, I was moving my body around to
shield the police officer's head. Once the officer had told me to get
back in the truck and asked where the truck was headed, I used my
breaks to signal the young men to not to do this. I developed ussles
and catalyst on my feet. There is no transmissions worth the life of
no person. By the time the tow truck came and hooked my truck up, auto
part were falling in the middle of the street. The paddy wagon officer
asked the officer on scene, "What are his charges?" The officer on
scene then stated that i was being charged with having a suspended

**United States Federal Court**

7J Spring ..reet 1..r

∵.∵̇a, fA

∵∵∵∵ Division

**Civil Rights Complaint**

## AFFIDAVIT IN OPPOSITION TO REPORT AND RECOMMENDATION

Plaintiff is a processing in forma pauperis. Plaintiff can hardly be expected to understand the intricacies of Federal Magistrates Act.

Wimmer v. Cook, 774 F 2d 66 (4th Cir 1985)

Pro se pleadings by plaintiff must be liberally construed, with regard for technicalities.

Wallace v. McManus, 776 F 2d 915 (10th Cir 1985)

There is to construe pleadings liberally and to afford plaintiff benefit of any doubt in civil rights cases, where plaintiff pro se, pre se pleading are to be held to a less stringent standard than pleading drafted by attorney.
Balisteri v. Pacific Polices Dept., 901 F 2d 696 (9th Cir 1990);

Kelly v. McGinnis, 899 F 2d 612 (7th Cir 1990)

Plaintiff brought this 1983 42 U.S.C. complaint Department of Administrators for Constitutional violations, due process of law, conspiracy, and harassment. These defendants are acting under color of state law and under statue. An agency must follow his own procedures even though this procedure is more stringent.

Payne v. Book, 714 F 2d 1510 (11th Cir 1984);

These defendants are being sued by a private and profess capacity. Plaintiff has already had four (4) heart attacks at the time. All he can receive form these defendant's is punitive damages, monetary damages, and compensatory damages from of state, Georgia Department of Driving Services, and et. John Doe for Constitutional violations, curl and unusual punishment, and due process of law.

Eleventh Amendment does not provide immunity to state officials sued in their personal capacities. Dubs v. State University of New York, 900 F 2d 87 (2nd Cir 1990).

Supervisory officers can only be held liable under respondent supervisor theory if they fail to train or control subordinates who cause the plaintiff's injury. White v. Farrier, 849 F 2d 322 (8th Cir 1988); Michigan Secretary of State and Georgia Department of Driver Services are subject to liability where

Medical records can be acquired from:

Hillendale Hospital
Decalb Medical Center
Emory University
Piedmont Hospital
Rockdale Hospital
Golden Living Center (Acct# 730-11821)

## Affidavit of Undisputed Facts

My name is Leroy Walton, Sr. I was in Golding Living – Glenwood for 30 days prior to contracting pneumonia.   After 30 days I took ill and was transferred to Hillendale Hospital where I was prescribed antibiotics for 10 days.  Following that I was still sick. EMS transferred me back to Hillendale and given more antibiotics.  After 10 days, that still didn't work and was transferred back to the hospital again and was given more antibiotics in the arm for 30 days.

Now I'm still having problems with breathing. I've been on oxygen and was given oxygen in Golden Living Center and in the hospital 3 times. _Dube_ v. _State University of New York_ , 900 F 2d 587 (2nd Cir. 1990). Plaintiff is seeking injunctive relief against these defendants in a private and professional capacity. Monetary, punitive, compensatory for different times using erroneous information. And for violating their policies. _Pulliam_ V. _allen_, 466 US 52, 80 Led 2D 525, 104 SCT. 1970 (1984); _Wahl_ v. _McIver_, 773 F 2d 1169, 1172

Erroneous charges from the plaintiff's file. Parties who join conspiracy becomes criminally liable for all acts done in furthrerance thereof._US_ v. _Mobile Materials_, Inc., 881 F 2d 866 (10th Cir 1989) if he played only a minor role in total scheme. Proof is sufficient, if it shows an unlawful agreement, knowledge of agreement, and their voluntary cooperation in inllegal _venture_. US v. _Clark,_ 732 F 2d 1536 (11th Cir 1984); has the right to expect officials to follow it's policies and regulations._Caldwell_ v. _Miller_ 790 F 2d 589 (7th Cir 1986); _Anderson_ v._Smith_, 697 F 2d 239 (8th Cir 1983).

_Sorann's Gasco_ v. _Morgan_, 874 F 2d 1310 (9th Cir 1989); Deliberate retaliation by state against individuals's exercise of rights' to petition the government for redress under Civil Rights statute. _Wildberger_ v. _Bracknell_, 869 F 2d 1467. Defendant's are operating under the color of state law of rights secured by the constitution of the United States. Defendan'ts violated their own statutes and state law and federal law. Attepmts to destroy the Plaintiff's life who's seeking money damage from these defendan'f'o violtion of Constitutional Rights. Plaintiff is not required to exhaust his administrative remedies prior to filing a 1983 42 U.S.C., seeking money damages. _Muhammad_ v. _Carlson_, 739 F 2d 122 (3rd Cir 1984); Officials must obey their own statutes. It infringes on exercise of First Amendment Rights. guaranteed by the Constitutuion of the United States. _Wisconsin Action Coalition_ v. _City of Kenosha_, 767 F 2d 502, 503 (8th Cir 1985); 97 50 Led 2d 251, 97 S Ct 283 (1976); Hutto v. Finnley, 437 US 678, 57 L Ct 2 d 522. 98 S Ct 2565 (1978); _Hutching_ v. _Corum_, 501 F Supp 1293 (W D Missouri 1980).

Mailing address

U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, N.W.

## AFFIDAVIT OF FACTS
## CIVIL RIGHTS

You will find a copy of showing continues of this case. In the month of December year 2012, defendants ordered Leroy Walton to come to court regarding expired Michigan driver's license a year and a half ago at approximately 7:00p.m. Leroy Walton and 2 of his companions went into the station to bring a lottery ticket and prior to the 2 young men going into the store they told me to be careful since it was dark and I was from up North. 15 minutes later a police car pulled up and asked to see my license. I pulled my Michigan driver's license out and he went to the car and checked my license. He came back and said my license was expired I told him they were not expired and that I had only been down here for 5 days. I was here to purchase a transmission and he said your license is expired they put their hands on their guns and called a tow truck and called a wagon to take me and my companions to jail. The next morning we were up at 5:00a.m. To go to court and the officer came by and I was too sick to go because I was suffering from a heart attack and stroke. I was then taken to Grady hospital where I remained chained to a bed for 10 days. Once I was before the judge he asked how I pleaded regarding driving on a suspended license, I told him my license wasn't suspended he ordered me to give them to the court appointed attorney. The Court appointed attorney ran in there and called Secretary of State in Michigan and when he came back he told the judge that his license is not expired! The judge then told the attorney to hide the records in case he tries to bring a civil law suit and get him out of here. I was released immediately and went outside to call my wife. She picked me up and took me home after being questioned for 30 days trying to figure out why these people would try to cover my driver's license and take my ti     Every time I would talk they would violate my civil rights and constitutional rights I was av    e of the bogus tickets they were writing people, I had heard all about it.

his confinement, but not ω the fact of his custody. He cites several cases in support;
Preiser v Rodgriguez, 411 U.S. 475, 499 (1973). He also stresses the fact of his
medical condition as a result of the actions of the Defendants. Hadley v Werner, 753
F2d 514, 516 (6th Cir. 1985); Russel v Gilliess, 870 F Supp 204, 205 (W.D. Tenn.
1994). Finally that the United States Court held in Heck v Humphrey, 466 U.S. 981, 114
S Ct 2364, 80 L Ed2d 836 (1984) that: "if a judgement favorable to a prisoner in a 42
U.S.C. 1983 action would necessarily imply the invalidity of the prisoner's conviction or
the length of the prisoner's sentence, then 1983 action for damages does not arise until
the conviction or sentence has been reversed on direct appeal, expunged by executive
order, declared invalid by an authorized tribunal, or called into question by insurance of
a federal habeas writ." Then finally the magistrate goes on to stress that unless a
plaintiff can demonstrate that his conviction or sentence has been invalidated, his
complaint must be dismissed. Hinds v State of Tennessee, 888 F Supp 854, 857 (W.D.
Tenn. 1995).

The Plaintiff asserts to the court that although he did file in the United States District
Court a 42 U.S.C. 1983 complaint, that in Sorann's Gasco v Morgan, 874 F 2d 1310
(9th Cir 1989); The Defendants are guilty of deliberate retaliation by state against
individual's exercise of right's to petition the government for redress under Civil Rights
Statute. Wildberger v Bracknell, 869 F 2d 1467.

The Defendants operate under the Color of State of Law of Rights secured by the
Constitution of the United States. However, the Defendants violated their own statutes,
the State's law, and Federal law.

Therefore, Leroy Walton, the Plaintiff is seeking compensatory damage from the
Defendants for violation of Constitutional Rights. The Plaintiff is not required to exhaust
his administrative remedies prior to filing a 1983 § 42 U.S.C., seeking money damages.
Muhammad v Carlson, 739 F 2d 122 (3rd Cir 1984); officials must obey their own
statutes. Otherwise, it infringes on the exercise of the Plaintiff's First Amendment
Rights, guaranteed by the Constitution of the United States. Wisconsin Action Coalition

2

## III.  SHOTGUN PLEADING

Defendants also move to dismiss the Amended Complaint as a shotgun

pleading. As discussed above, Plaintiff's Amended Complaint, unlike the original

Complaint, does not set forth any factual allegations. Because the Amended

Complaint supersedes the original, there are no factual allegations before the Court

to consider. However, even assuming it is proper for the Court to consider the

allegations in the original Complaint, Defendants are correct that the documents

before the Court amount to a shotgun pleading.

As explained by the Eleventh Circuit in Weiland v. Palm Beach Cty. Sheriff's

Office, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting T.D.S. Inc. v. Shelby Mut.

Ins. Co., 760 F.2d 1520, 1544 n.14 (11th Cir. 1995) (Tjoflat, J., dissenting)), the

term "shotgun pleading" refers to pleadings "calculated to confuse the 'enemy,' and

the court, so that theories for relief not provided by law and which can prejudice an

opponent's case, especially before the jury, can be masked . . . ." Broadly speaking,

there are four types of shotgun pleadings:

> The most common type . . . is a complaint containing multiple
> counts where each count adopts the allegations of all preceding
> counts, causing each successive count to carry all that came
> before and the last count to be a combination of the entire
> complaint. The next most common type . . . is a complaint
> that . . . is guilty of the venial sin of being replete with
> conclusory, vague, and immaterial facts not obviously
> connected to any particular cause of action. The third type of
> shotgun pleading is one that commits the sin of not separating
> into a different count each cause of action or claim for relief.

7

Case 1:16-cv-03522-ELR Document 2-3 Filed 04/16/21 Page 37 of 68

**SO ORDERED**, this _2ⁿᵈ_ day of June, 2016.

Eleanor L. Ross
United States District Judge
Northern District of Georgia

2

Plaintiff contends security guards detained him at the courthouse for a month and then transferred him to a medical center where he stayed for two months. (Id.) After leaving the medical center, Plaintiff alleges he was pulled over by an Atlanta police officer and given a ticket for running a red light even though he did not actually commit the infraction. (Id.) The Court assumes Plaintiff believes this "bogus ticket" is somehow related to the events described above.

Shortly after this case commenced, Defendants filed motions to dismiss on numerous grounds. (Doc. Nos. 6, 7, and 8.) On January 22, 2016, Plaintiff then filed a document styled as an Amended Complaint. (Doc. No. 23.) Significantly, the document does not contain any factual allegations and is instead merely a response to Defendants' argument that they have not been properly served. Because an amended complaint generally supersedes an original, several Defendants refiled motions to dismiss.[4] (Doc. Nos. 26 and 28.) The Court will address some, but not all, of Defendants' arguments below.

---

[4]     The Court appreciates the Parties' cautionary filings but it is not always necessary to file a new motion to dismiss when a Plaintiff amends the complaint. 6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2011) ("[D]efendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.").

Plaintiff contends security guards detained him at the courthouse for a month and then transferred him to a medical center where he stayed for two months. (Id.) After leaving the medical center, Plaintiff alleges he was pulled over by an Atlanta police officer and given a ticket for running a red light even though he did not actually commit the infraction. (Id.) The Court assumes Plaintiff believes this "bogus ticket" is somehow related to the events described above.

Shortly after this case commenced, Defendants filed motions to dismiss on numerous grounds. (Doc. Nos. 6, 7, and 8.) On January 22, 2016, Plaintiff then filed a document styled as an Amended Complaint. (Doc. No. 23.) Significantly, the document does not contain any factual allegations and is instead merely a response to Defendants' argument that they have not been properly served. Because an amended complaint generally supersedes an original, several Defendants refiled motions to dismiss.[4] (Doc. Nos. 26 and 28.) The Court will address some, but not all, of Defendants' arguments below.

---

[4] The Court appreciates the Parties' cautionary filings but it is not always necessary to file a new motion to dismiss when a Plaintiff amends the complaint. 6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2011) ("[D]efendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.").

to State agencies like Defendant DDS, a plaintiff may effect service by either: 1) "delivering a copy of the summons and of the complaint to [the agency's] chief executive officer;" or 2) "serving a copy of [the summons and complaint] in the manner prescribed by [the forum state's] law for serving a summons or like process on such a defendant." FED. R. CIV. P. 4(j)(2).

Here, Defendants contend Plaintiff has attempted to perfect service on them by mail, and Plaintiff does not deny this assertion. However, service by certified mail is not permitted under the Federal Rules unless the defendant waives personal service. Brown v. SunTrust Mortg., Civil Action No. 2:12-CV-00120-RWS, 2012 WL 6591702, at *8 (N.D. Ga. Dec. 18, 2012) ("[S]ervice of the Summons and Complaint by mail does not satisfy either the Federal Rules or Georgia law."); see also Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002) (noting *pro se* plaintiffs are required to conform to procedural rules despite the leniency afforded them in pleading). Accordingly, Plaintiff's Amended Complaint is due to be dismissed without prejudice.[6] Abram v. Fulton Cty. Gov't, 482 F. App'x 421, 424 (11th Cir. 2012) (per curiam) ("Dismissal under Rule 12(b)(4) or Rule 12(b)(5) does not constitute a judgment on the merits.").

---

[6]     Plaintiff argues he has spent $1,100 attempting to serve Defendants. It is, however, irrelevant whether "[a plaintiff] put forth substantial effort in serving [the defendants], [when] none of his methods succeeded in properly serving the complaint." Kammona v. Onteco Corp., 587 F. App'x 575, 578 (11th Cir. 2014) (per curiam).

6

Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

Weiland, 792 F.3d at 1321–22.

Here, Plaintiff's pleadings fall squarely within the third and fourth categories described above. Perhaps most egregiously, Plaintiff has failed to specify which Defendants are responsible for which acts and/or omissions. In fact, Plaintiff only identified two Defendants by name throughout his factual allegations. Between those two Defendants, Cicely Barber and Judge Jane Morrison, it is still unclear who Plaintiff contends violated his constitutional rights. (See Compl. at 2 ("Cicely Barber clerk of the court Jane Morrison [sic] summoned me to come to court for Michigan suspended license if I did not comply she was going to put bogus tickets on my Georgia's [sic] driver's license.").) For this additional reason, the Court must dismiss the Amended Complaint.

## IV. LEAVE TO AMEND

Generally speaking, a *pro se* plaintiff "'must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice,' at least where a more carefully drafted complaint might state a claim." Carter v.

8

> Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

Weiland, 792 F.3d at 1321–22.

Here, Plaintiff's pleadings fall squarely within the third and fourth categories described above. Perhaps most egregiously, Plaintiff has failed to specify which Defendants are responsible for which acts and/or omissions. In fact, Plaintiff only identified two Defendants by name throughout his factual allegations. Between those two Defendants, Cicely Barber and Judge Jane Morrison, it is still unclear who Plaintiff contends violated his constitutional rights. (See Compl. at 2 ("Cicely Barber clerk of the court Jane Morrison [sic] summoned me to come to court for Michigan suspended license if I did not comply she was going to put bogus tickets on my Georgia's [sic] driver's license.").) For this additional reason, the Court must dismiss the Amended Complaint.

## IV.   LEAVE TO AMEND

Generally speaking, a *pro se* plaintiff "'must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice,' at least where a more carefully drafted complaint might state a claim." Carter v.

8

HSBC Mortg. Servs., Inc., 622 F. App'x 783, 786 (11th Cir. 2015) (per curiam).

Here, the Court has serious doubts about Plaintiff's ability to state a claim against

the Defendants, especially those entitled to various forms of immunity. Even so,

the Court will give Plaintiff one more opportunity to amend his Complaint.

Plaintiff is instructed to set forth sufficient facts to establish the role each

Defendant played in allegedly violating his constitutional rights. Moreover,

Plaintiff is instructed to set forth the approximate dates of these alleged violations.

As set forth below, Plaintiff is directed to follow the Court's instructions regarding

perfecting service on Defendants.

## V.   CONCLUSION

For the above reasons, the Court **DENIES AS MOOT** Judge Jane Morrison

and Cicely Barber's First Motion to Dismiss (Doc. No. 6); **DENIES AS MOOT**

the City Defendants' First Motion to Dismiss (Doc. No. 7); **GRANTS** Defendant

DDS's Motion to Dismiss (Doc. No. 10); **GRANTS** the City Defendants' Second

Motion to Dismiss (Doc. No. 26); **GRANTS** Judge Jane Morrison and Cicely

Barber's Second Motion to Dismiss (Doc. No. 28); and **DISMISSES WITHOUT**

**PREJUDICE** the Amended Complaint.

Plaintiff is **DIRECTED** to file a Second Amended Complaint on or before

May 20, 2016. Plaintiff shall have **thirty days (30) days** from the date he files his

Second Amended Complaint to perfect service on Defendants in accordance with

9

the Federal Rules of Civil Procedure. Plaintiff is reminded that service by mail is inappropriate. Failure to comply with this Order may result in dismissal of this action pursuant to LR 41.3 NDGa.

**SO ORDERED**, this ___5th___ day of May, 2016.


*Eleanor L. Ross*

Eleanor L. Ross
United States District Judge
Northern District of Georgia

September 1, 2015

<sup>.</sup>eaeral Court

**OFFICE u**
**SUPREME COURT OF .. .**
**WASHINGTON, D**

Ci          laint

# GUIDE FOR PROSPECTIVE INDIGENT PETITIONERS FOR WRITS OF CERTIORARI

## I. Introduction

These instructions and forms are designed to assist petitioners who are proce
*forma pauperis* and without the assistance of counsel.  A copy of the Ru
Supreme Court, which establish the procedures that must be followed, is al
Be sure to read the following Rules carefully:

Rules 10–14 (Petitioning for certiorari)
Rule 29 (Filing and service on opposing party or counsel)
Rule 30 (Computation and extension of time)
Rules 33.2 and 34 (Preparing pleadings on 8½ x 11 inch paper)
Rule 39 (Proceedings *in forma pauperis*)

## II. Nature of Supreme Court Review

It is important to note that review in this Court by means of a writ
a matter of right, but of judicial discretion.  The primary concern
Court is not to correct errors in lower court decisions, but to decide cases prese
issues of importance beyond the particular facts and parties involved.  The Court
grants and hears argument in only about 1% of the cases that are filed each Term.
The vast majority of petitions are simply denied by the Court without comment or
explanation.  The denial of a petition for a writ of certiorari signifies only that the
Court has chosen not to accept the case for review and does not express the Court's
view of the merits of the case.

Every petitioner for a writ of certiorari is advised to read carefully t
*Governing Review on Certiorari* set forth in Rule 10.  Important
accepting a case for review include the existence of a conflict betwe
which review is sought and a decision of another appellate court o
An important function of the Supreme Court is to resolve disagreem
courts about specific legal questions.  Another consideration is the
public of the issue.

## III. The Time for Filing

You must file your petition for a writ of certiorari within 90 days f
entry of the final judgment in the United States court of appea.
appellate court or 90 days from the denial of a timely filed petition fo
issuance of a mandate or remittitur after judgment has been entered has no bear
on the computation of time and does not extend the time for filing.  See Rules 13.1

13.3.    Filing in the Supreme Court means the actual receipt of documents by the Clerk; or their deposit in the United States mail, with first-class postage prepaid, on or before the final date allowed for filing; or their delivery to a third-party commercial carrier, on or before the final date allowed for filing, for delivery to the Clerk within 3 calendar days.    See Rule 29.2.

## IV.   What To File

Unless you are an inmate confined in an institution and not represented by counsel, file:

—An original and ten copies of a motion for leave to proceed *in forma pauperis* and an original and 10 copies of an affidavit or declaration in support thereof.    See Rule 39.

—An original and 10 copies of a petition for a writ of certiorari with an appendix consisting of a copy of the judgment or decree you are asking this Court to review including any order on rehearing, and copies of any opinions or orders by any courts or administrative agencies that have previously considered your case.    See Rule 14.1(i).

—One affidavit or declaration showing that all opposing parties or their counsel have been served with a copy of the papers filed in this Court.    See Rule 29.

If you are an inmate confined in an institution and not represented by counsel, you need file only the original of the motion for leave to proceed *in forma pauperis*, affidavit or declaration when needed in support of the motion for leave to proceed *in forma pauperis*, the petition for a writ of certiorari, and proof of service.

If the court below appointed counsel in the current proceeding, no affidavit or declaration is required, but the motion should cite the provision of law under which counsel was appointed, or a copy of the order of appointment should be appended to the motion. See Rule 39.1.

The attached forms may be used for the original motion, affidavit or declaration, and petition, and should be stapled together in that order.    The proof of service should be included as a detached sheet, and the form provided may be used.

## V.   Page Limitation

The petition for a writ of certiorari may not exceed 40 pages excluding the pages that precede Page 1 of the form.    The documents required to be contained in the appendix to the petition do not count toward the page limit.    See Rule 33.2(b).

## VI.   Method of Filing

All documents to be filed in this Court must be addressed to the Clerk, Supreme Court of the United States, Washington, D. C. 20543 and must be served on opposing parties or their counsel in accordance with Rule 29.



STATE OF MICHIGAN

DEPARTMENT OF STATE
LANSING

May 07, 2015

LEROY WALTON
6068 WOODPECKER
YPSILANTI, MI 48197

Dear MR. WALTON:

RE:   Michigan Driver License #:   W-435-510-015-660

Your request of recent date has been received in this office.

Our records indicate that the original Michigan driver's license was issued prior to OCTOBER 22, 1991.

If you have any questions, please feel free to contact our office by phone or letter.

Sincerely,

RECORD LOOKUP UNIT
Office of Customer Services
517.322.1624

tjm



# THE CITY OF ATLANTA MUNICIPAL COURT
## STATE OF GEORGIA

**FEDERAL**
**MOTION**

August 04, 2015

City of Atlanta

vs

*Civil Rights*

| | |
|---|---|
| **RESPONDENT'S NAME:** | LEROY WALTON |
| **RESPONDENT'S ADDR:** | 5649 SPRING MILL CIR |
| | LITHONIA, GA 30038 |

**DATE OF BIRTH:**   08/24/1942   **DRIVERS LICENSE #:** 970097653

**CASE#:** 12TR063595
**CASE STATUS:**   OPEN
**OFFENSE DATE:**   05/09/2012

| Ticket#:  1 | | 4377983 | |
|---|---|---|---|
| **Charge:** | | 40-8-73 | MATERIAL IN WIN/OBST VIEW / WIPERS REQUIRED |
| **Disposition:** | | 05/14/2012 | GUILTY |
| Ticket#:  2 | | 4377982 | |
| **Charge:** | | 40-5-20 | NO DRIVERS LICENSE |
| **Disposition:** | | 05/14/2012 | NOLLE PROSEQUI |

**AMOUNT DUE:** $0.00

I HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT STATEMENT OF THE DOCKET, COMPLAINT, ACCUSATION, AND JUDGMENT RENDERED BY THE MUNICIPAL COURT OF
ATLANTA, GEORGIA.

Given under my hand and official signature this **04 August, 2015**

Court Clerk

STATE COURT OF FULTON COUNTY
185 CENTRAL AVE., S.W.
ATLANTA, GEORGIA 30303
CALENDAR NOTICE

10/3/2014

STATE VS. LEROY WALTON

**FEDERAL**
**MOTION**

ACCUSATION NUMBER: 14CR008302

This above-styled case is set upon a PLEA AND ARRAIGNMENT Calendar.

Civil Rights

| | |
|---|---|
| **Time:** | 9:00 AM |
| **Date:** | 11/24/2014 |
| **Location:** | COURTROOM 2F |
| | Justice Center Tower |
| | 185 Central Avenue |
| | Second Floor |
| | Atlanta, GA 30303 |

This case is before the Honorable Jane Morrison, Fulton County State Court – Criminal Division.

**YOU MUST BE PRESENT AND MAY BE REPRESENTED BY A LAWYER.  IF YOU ARE FREE ON APPEARANCE BOND AND FAIL TO APPEAR, YOUR BOND WILL BE SUBJECT TO FORFEITURE AND A WARRANT MAY ISSUE FOR YOUR RE-ARREST.**

DEFENDANT IS REQUIRED TO:
(1) Be on time.
(2) Immediately notify the Criminal Division at 404-612-5085, your Bondsman, and the United States Post Office of any change of address.
(3) If you have an attorney, have him or her send written notice to the Criminal Division that he or she is Counsel of record in your case.
(4) Maintain continuing communication with your attorney, if you have one.
(5) Be present with your attorney at the time and place indicated on this notice.
(6) Bring this notice to court on the required date.
(7) Turn all pagers, cell phones and other noise-making devices on vibrate or silent mode.
(8) Dress appropriately: NO SHORTS, NO HATS, and NO HALTER TOPS AND NO PRINTED T-SHIRTS.

**A COPY OF THIS NOTICE IS PERMANENTLY RETAINED IN YOUR CASE FILE**
Cicely Barber, Esq. - Chief Clerk

**STATE COURT OF FULTON COUNTY**
**185 CENTRAL AVE., S.W.**
**ATLANTA, GEORGIA 30303**
**CALENDAR NOTICE**

10/3/2014

**STATE VS. LEROY WALTON**

**ACCUSATION NUMBER: 14CR008302**

This above-styled case is set upon a **PLEA AND ARRAIGNMENT** Calendar.

| | |
|---|---|
| **Time:** | **9:00 AM** |
| **Date:** | **11/24/2014** |
| **Location:** | **COURTROOM 2F** |
| | **Justice Center Tower** |
| | **185 Central Avenue** |
| | **Second Floor** |
| | **Atlanta, GA 30303** |

This case is before the Honorable Jane Morrison, Fulton County State Court – Criminal Division.

---

YOU MUST BE PRESENT AND MAY BE REPRESENTED BY A LAWYER.  IF YOU ARE FREE ON APPEARANCE BOND AND
FAIL TO APPEAR, YOUR BOND WILL BE SUBJECT TO FORFEITURE AND A WARRANT MAY ISSUE FOR YOUR RE-ARREST.

---

DEFENDANT IS REQUIRED TO:
  (1) Be on time.
  (2) Immediately notify the Criminal Division at 404-612-5085, your Bondsman, and the United States Post
      Office of any change of address.
  (3) If you have an attorney, have him or her send written notice to the Criminal Division that he or she is
      Counsel of record in your case.
  (4) Maintain continuing communication with your attorney, if you have one.
  (5) Be present with your attorney at the time and place indicated on this notice.
  (6) Bring this notice to court on the required date.
  (7) Turn all pagers, cell phones and other noise-making devices on vibrate or silent mode.
  (8) Dress appropriately: NO SHORTS, NO HATS, and NO HALTER TOPS AND NO PRINTED T-SHIRTS.

**A  COPY OF THIS NOTICE IS PERMANENTLY RETAINED IN YOUR CASE FILE**
Cicely Barber, Esq. - Chief Clerk

 **DeKalb Medical**     **Discharge Education and Instructions**

| | | | |
|---|---|---|---|
| **\*WALTON, LEROY** | **2458-Bed 1** | **74y    M** | **Kunjummen, Binu J** |
| **\*JAYWALTON712@YAHOO.CO** | **\*404-3993647** | **\*24-Aug-1942** | **12057078/223461857** |

## Additional Community Resources Phone Numbers:

```
Aging Connection (Atlanta Regional Commission)............................404-463-3333
Child Care Resources and Referral Service..............................404-885-1585
Crime Victim Advocacy Council..........................................404-333-9254
DeKalb Community Service Board.........................................404-892-4646
DeKalb County Board of Health..........................................404-294-3700
DeKalb County - Department of Family and Children's Services............404-370-5000
First Call for Help - A Service of the United Way......................404-614-1000
Georgia Better Health Care.............................................404-656-4507
Marta Scheduling.......................................................404-848-4711
Senior Spectrum (Programs and Services for Seniors)....................404-501-7494
```

**If you smoke cigarettes or use tobacco, it is important for your health to quit. Ask your physician or nurse for assistance or see reference above.**

---

If you have or have ever had *heart failure*:

1. **Weigh each morning in the same clothes after using the bathroom and before eating. Record your weight and notify your doctor of a weight gain of 2-3 pounds within 2-3 days. This indicates you are retaining water.**

2. **Stay on a low salt (sodium) diet.**

3. **Drink 6-8 cups of liquid daily, unless your doctor tells you to drink less.**

4. **Take medications every day and call your doctor with any concerns.**

5. **Walk gently each day, even if only around the house. You will feel tired at times and rest when you do. Plan on resting after activities. Stay out of extremely hot or cold weather.**

6. **Call your Doctor for: Shortness of breath; Inability to lie down comfortably and sleep; Swelling in your feet, legs, or abdomen; or Chest discomfort or unusual fatigue. Report your symptoms early. It may help you stay out of the hospital.**

---

❖ You may receive a  phone call 48-72 after your discharge to follow-up on how you are doing.  ❖

## Viewing your Discharge Instructions document electronically

Verify your last name, first name, date of birth, email address, and telephone at the top of this page is correct. Notify your nurse if any of the information is incorrect.

**Follow these steps to create an account on the DeKalb Medical Patient Portal:**

1. Go to **https://Secure.dekalbmedicalportal.org/SPP**

2. If you have an existing DeKalb Medical Patient Portal, use your existing username and password to access the portal.

3. If you are accessing the Dekalb Medical Patient Portal for the first time, Click on "**Register Now**".

4. A new screen will pop up.  Enter all required information in the fields with a red asterisk.  Your first and last name, date of birth, email, and telephone number must match what you provided at registration (at the top of these instructions).

5. Click **Create.**

6. Click **Close.**  You will then receive an email with a link and instruction to log into the portal.

7. Follow the instructions in the email.

8. The first time you open the link provided in the email, accept the terms of use, then click "**Connect**"

9.  You will now be able to view your Medical Info such as the discharge instructions, summary of care you were provided, and lab results.

**\*\*\* For customer service help with logging in call 404-501-1099 \*\*\***

---

GEORGIA
UNIFORM TRAFFIC CITATION, SUMMONS, AND ACCUSATION

121301431
CICA Number

GAAPD0000
NCIC Number

Citation Number
4377983

CITY OF ATLANTA - DEPARTMENT OF POLICE

On Month **May** (Day) (Yr.) **2012** at **13 55** ☐ AM ☑ PM

License Class or Type **—** State **GA** Endorsements _____ Expires _____

Operator License No. **970097653**

Name **Walton, Leroy** (Last, Suffix) (First) (Middle) **B/M** (Race/Sex)

Current Address **5649 Spring M.ll** Apt _____

City **Lithonia** State **GA 30038** Phone Number

DOB **8/24/42** Hair **BLK** Height **6-03** Weight **230**

Veh. Yr. **02** Make **Ford** Style **Ranger** Color **I2h.k**

Registration No. **BGS7615** Yr. **12** State **GA**

CDL ☐ YES ☑ NO   ACCIDENT ☐ YES ☑ NO   INJURIES ☐ YES ☑ NO   FATALITIES ☐ YES ☑ NO

Within the State of Georgia, did commit the following offense: SPEEDING - Clocked by ☐ LASER ☐ RADAR by

☐ DRIVER REQUESTED ACCURACY CHECK   ☐ VASCAR   ☐ PACE
(Serial #) _____ Calibration/Check _____ at _____ MPH in a _____ Zone

☐ (Test Administered): ☐ BLOOD ☐ BREATH ☐ URINE ☐ OTHER) DUI Test Results _____
TEST ADMINISTERED BY (if Applicable): _____

OFFENSE: (Other than above)   Code Section   ☑ State Law / ☐ Local Ordinance

**Cracked Windshield**   **40-8-73**

COMPANION CASE ☐ Yes ☐ No   CITATION NO. / NAME:

REMARKS / VICTIM NAME / # **Crack Greater than 3 X 3**

| WEATHER | (A) ROAD (B) | TRAFFIC | LIGHTING | COMMERCIAL VIOLATION INFORMATION |
|---|---|---|---|---|
| ☐ Clear | ☐ Dry ☐ Concrete | ☐ Light | ☑ Daylight | ☐ 16+ Passengers |
| ☐ Cloudy | ☑ Wet ☑ Blacktop | ☑ Medium | ☐ Darkness | ☐ Commercial Vehicle Violation |
| ☑ Raining | ☐ Ice ☐ Dirt | ☐ Heavy | ☐ Other | ☐ Hazardous Material Violation |
| ☐ Other | ☐ Other ☐ Other | | | |

In the ☑ City of Atlanta, County of Fulton / DeKalb / Clayton

on **Cleveland Ave SW** Street No., Highway, Road, Street, Intersection, or Private Property

Officer Name (Print) **Porter, W**

APD ID No. **U3535** Assignment **7311** Court Code : Off days **MT** Time **0422**

2d Officer Name (Print) _____ 

APD ID No. _____ Assignment _____ Court Code : Off days _____ Time _____

You are hereby ordered to appear in court to answer this charge on the **10** day

of **May** Yr. **2012** at **08:10** ☑ AM ☐ PM in the MUNICIPAL COURT OF

ATLANTA AT 150 GARNETT STREET, ATLANTA, Georgia, 30303   ☐ Copy ☑ E-ball

NOTICE: This citation shall constitute official notice to you that failure to appear in Court at the date and time stated on this citation to dispose of the cited charges against you shall cause the designated Court to forward your driver's license number to the Department of Driver Services, and your driver's license shall be suspended. (Georgia Code 17-8-11) and 40-8-56). The suspension shall remain in effect until such time as there is a satisfactory disposition in the matter or the Court notifies the Department of Driver Services.

LICENSE DISPLAYED IN LIEU OF BAIL   ☐ Yes ☑ No   RELEASED TO _____
SIGNATURE ACKNOWLEDGES SERVICE OF THIS SUMMONS AND RECEIPT OF COPY OF SAME.

SIGNATURE **Jail**

ARRESTING OFFICER'S CERTIFICATION

The undersigned, being duly sworn, upon his or her oath and under penalty of perjury, deposes and states that he or she has just and reasonable grounds to believe, and does believe, that the person named herein has committed the offense set forth contrary to law.

SIGNATURE **W. Pat**

Sworn to and subscribed before me   **Mass** 20 **12**

SIGNATURE AND TITLE _____
Authorized and approved pursuant to _____

4377983

I, the undersigned Clerk, do hereby certify that the within and foregoing is a true complete and correct copy of the original in said case, as appears by the original on file and of record in my office

Witness my hand and the seal of said court this ____ day of Aug

____ 20 15

Clerk, City Court of Atlanta

Mayor of Atlanta
Kasim Reed

Judge Gary Jackson
160 Prior Street Rm J-301
Atlanta, GA 30303

Dennis Collier
160 Prior Street Rm J-301
Atlanta, GA 30303

Cicely Barber
See for Jane Morrison
160 Prior Street Rm J-301
Atlanta, GA 30303

## Certification of Service

I hereby certify that I have this day served a copy of the within and foregoing "Rule 5.2 Certificate of Service" upon all parties to this matter by depositing a true copy of same on the U.S. Mail, with proper postage prepaid, addressed to counsel of record as follows:

Leroy Walton
*Plaintiff(s)*

v.

Kaseen Reed
*Defendant(s)*

)
)
)
)
)
)
)
)
)
)
)

Georgia Attorney General Office
40 Capital Square S.W.  Atlanta, GA 30334

Leroy Walton
Plaintiff

v.

Defendants
Georgia Department of Driver Services

Gary Jackson
Carmen Smith
Dennis Collier  Attorney

Cicily Barber, [185 Central Ave S.W. Atlanta, Ga 30303]
Jane Morrison [185 Central Ave S.W. Atlanta, Ga 30303]
Patty, Dept. of state
Joe, Dept. of State
Et. John Doe

U.S. District Court Northern District

## **Rule 5.2 Certificate of Service**

Comes Plaintiff pursuant to U.S. C.R. 5.2, certifies that on this date Plaintiff served upon counsel of record, via U.S. Mail, with proper postage prepaid, a true copy of the following documents:

Georgia Attorney General Office
40 Capital Square S.W. Atlanta, 30334

Leroy Walton
6308 Sunflower Place
Lithonia, GA 30038

Respectfully Submitted,
In Propria Persona

# United States District Court

LEROY WALTON,

     Plaintiff-Appellant,

v.

CITY OF ATLANTA

     Defendant-Appelee.

_____

## PROOF OF SERVICE

CITY OF ATLANTA    )

           ss   )

FULTON COUNTY   )

    The undersigned, being first duly sworn deposes and says that on July 29, 1998 she personally, mailed a copy of Substituted Appearance of Country and this Proof of Service by sealing said envelope, affixing the necessary postage for overnight mail thereon and placing said envelope in the United States mail at City Of Atlanta.

                       Respectfully,

                       _____

                       Leroy Walton

# United States District Court

LEROY WALTON,

      Plaintiff-Appellant,

v.

CITY OF ATLANTA

      Defendant-Appelee.

---

## PROOF OF SERVICE

CITY OF ATLANTA    )

            ss    )

FULTON COUNTY    )

      The undersigned, being first duly sworn deposes and says that on March 1, 2017 she

personally, mailed a copy of Substituted Appearance of Country and this Proof of Service by

sealing said envelope, affixing the necessary postage for overnight mail thereon and

placing said envelope in the United States mail at City Of Atlanta.

Respectfully,

_____

Leroy Walton

**STAPLES**
Make More Happen

Low prices. Every item. Every day.

Store No: 1267

8170 Mall Parkway

Lithonia, GA 30038

770-484-1731

262626 00 026 12841
Receipt #: 12841      12/19/2016 18:17

| Qty Description | Amount |
|---|---|
| 5    X BW SS LTR - 233548 | 0.55 |
| SubTotal | 0.55 |
| Taxes | 0.04 |
| Total | USD $0.59 |

VISA #:************3065 [S]
Swipe
Auth No.:031718

The Cardholder agrees to pay the Issuer of
the charge card in accordance with the
agreement between the Issuer and the
Cardholder.

Compare and Save
With Staples-brand products.
THANK YOU FOR SHOPPPING AT STAPLES!

12671219161284126

District of Kansas. Plessy v. Ferguson 163 U.S. 537

Ballistreri V. Pacific Police Dept., 901 F22 595 (9th cir 1990)
Kelly V McGinnis, 899 F2d 612
Plaintiff brought this 1982 42 U.SC. Complaint against administration for continual violations, due process of law, conspiracy, and harassment. These defendants are acting under color of state law.

Payne v. Block, 714 F 2d 1510 (11th Cir 1984); Police department to arrest and harass the plaintiff on the erroneous charges. Causing serious psychological damages, physical pain, mental anguish, frighten shock, embarrassment, humiliation who caused plaintiffs injury. White v. Farrier, 849 F 2d 322 (8th Cir 1988);

The following examples are of the plaintiff's attempts to serve the defendants:
  1) Via US Mail.
  2) Certified account receivable
  3) FedEx special delivery and it was ignored
  4) Sent by Courier and the couriers were ran away
  5) USPS, tried to deliver 5 times.

Respectfully Submitted,

_____

Leroy Walton

Federal Northern District of Georgia
U.S. District Court Northern District
Richard B. Russell Federal Bldg.
2211 U.S. Courthouse
75 ted Turner Dr. S.W.
Atlanta, GA 30303

Leroy Walton, Plaintiff
vs.
State of Georgia, Defendant

Georgia Attorney General Office
40 Capital Square S.W.  Atlanta, GA 30334

LEROY WALTON

KAVINDRA PATHAK
NOTARY
PUBLIC
Exp. Sept. 22, 2018
GWINNETT COUNTY, GA.

10/3/15

## Interrogatories to Defendants

## Interrogatories

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Georgia

|  |  |
|---|---|
| Leroy Walton _____ <br> *Plaintiff(s)* <br><br> v. <br><br> Nathan Deal (Governor of Georgia) _____ <br> *Defendant(s)* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> Civil Action No. <br><br> 1: 15 - CV-352 **ELR** |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
Nathan Deal (Governor)
40 Capitol Square S. W. Atlanta GA
30334

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Leroy Walton.
6308 Sunflower P
Lithonia GA 3003
404 - 399 - 3047

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**JAMES N. HATTEN**
*CLERK OF COURT*

Date:   OCT 0 6 2015                    _____
                                        *Signature of Clerk or Deputy Clerk*



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$
Total Postage and Fees
$
Sent To
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047

7015 1520 0001 4606 4277

7015 1520 0001 4606 5090

CERTIFIED MAIL

7015 1520 0001 4606 5090

7015 1520 0001 4606 5090

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$
Total Postage and Fees
$
Sent To
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions

7015 1520 0001 4606 5106

CERTIFIED MAIL

7015 1520 0001 4606 5106

7015 1520 0001 4606 5106

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $

Postmark
Here

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$
Total Postage and Fees
$
Sent To
Street and Apt. No., or PO Box No.

**U.S. Department of Justice**
**United States Marshals Service**

**PROCESS RECEIPT AND RETURN**
*See Instructions for "Service of Process by the U.S. Marshal"*
*on the reverse of this form.*

ET John Doe AllS

**COURT CASE NUMBER**

**City of Atlanta Plaintiff**       **IN PROPRIA PERSONA**

**TYPE OF PROCESS**

**SERVE**       NAME OF ..., ...TION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

**AT**       ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS...

to be
m - 285

b be

*...ess and Alternate Addresses, All*       Fold

SPECIA
Telephon
Fold

Signature

**SPAC**

I acknow
number o
*(Sign onl*
*than one*

I hereby
on the in

☐ I here

Name and

Address (

Service I

REMARKS:

**PRIOR EDIT**
**MAY BE USI**

Rob Mikell was appointed as Commissioner for the Georgia Department of Driver Services (DDS)
By Governor Nathan Deal in October of 2012.

Georgia Department of Driver Services
2206 East View Parkway
Conyers, Georgia 30013

Mailing Adddress
Department of Driver Services
Post Office Box 80447
Conyers, Georgia 30013

Sam Olens
Mailing Address:
Office of the Attorney General 40 Capital Square, SW
Atlanta, GA 30334

Defendant's can't deny they used the legal law to endanger Plaintiff life. There aren't ant-immunity's that these defendant's can claim. There are no limitation an attempt murder. This is Civil Rights Act case filed by Leroy Walton, against defendant's.

BER       DATE

BELOW THIS LINE

Jlerk       Date

narks", the process described
t the address inserted below.

w)

person of suitable age and dis-
tion then residing in the defendant's
al place of abode.

Service       Time       am
                                    pm

of U.S. Marshal or Deputy

hal or       Amount of Refund

FORM USM-285 (Rev. 12/15/80)
(Instructions Rev. 12/08)



# THE CITY OF ATLANTA MUNICIPAL COURT
## STATE OF GEORGIA

**FEDERAL MOTION**

August 04, 2015

City of Atlanta

**vs**

~~Civil Rights~~

| | |
|---|---|
| **RESPONDENT'S NAME:** | LEROY WALTON |
| **RESPONDENT'S ADDR:** | 5649 SPRING MILL CIR |
| | LITHONIA, GA 30038 |

**DATE OF BIRTH:** 08/24/1942   **DRIVERS LICENSE #:** 970097653

**CASE#:** 12TR063595
**CASE STATUS:** OPEN
**OFFENSE DATE:** 05/09/2012

| Ticket#: 1 | 4377983 | |
|---|---|---|
| Charge: | 40-8-73 | MATERIAL IN WIN/OBST VIEW / WIPERS REQUIRED |
| Disposition: | 05/14/2012 | GUILTY |
| Ticket#: 2 | 4377982 | |
| Charge: | 40-5-20 | NO DRIVERS LICENSE |
| Disposition: | 05/14/2012 | NOLLE PROSEQUI |

**AMOUNT DUE:** $0.00

I HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT STATEMENT OF THE DOCKET, COMPLAINT, ACCUSATION, AND JUDGMENT RENDERED BY THE MUNICIPAL COURT OF
ATLANTA, GEORGIA.

Given under my hand and official signature this **04 August, 2015**

**FEDERAL MOTION**

~~Civil Rights~~

_____
Court Clerk

12TR063595

evidence is established that they authorized and approved unconstitutional conduct of the offending parole officers v. Police Department of the City Of Detroit, 747 F 2d 338 (6th Cir 1984); Stokes v. December, 710 F 2d 1120 (5th Cir 1983); Maggette v. Dalshiem, 709 F 2d 800 (2nd Cir 1983);

"Brown v Board of Education of Topeka, 347 U.S. 483 (1954)"

Appeal from the United States District Court for the District of Kansas.

Plessy v. Ferguson 163 U.S. 537

This is for Ms. Leroy Walton

## Civil Right
### Affidavit of Fact

You will find a copy of showing the continues of this case. In the month of December the 2012
defendents ordered Leroy Walton to come to court regarding expired Michigan driver's license a year
and a half ago at approximately 7:00pm Leroy Walton and 2 of his companions went into the station to
to bring a lottery ticket and prior to the 2 young men going into the store they told me to be careful
since it was dark and I was from up North. 15 minutes later a police car pulled up and asked to see my
license. I pulled my Michigan drivers license out and he went to the car and checked my license. He
came back and said my license was expired I told him they were not expired and that I had only down
here for 5 days. I was here to purchase a transmission and he said your license is expired they put the
hands on their guns and called a tow truck and called a wagon to take me and my companions to jail
the next morning we were up at 5:00am to go to court and the officer came by and I was to sick to go to
court because I was suffering from a heart attack and stroke. I was then taken to Grady hospital where I
mained chained to a bed for 10 days. On the 11th day I was returned to the jail and the next morning I
us summoned to court. Once I was before the judge he asked how I pleaded regarding driving on a
uspended license I told him my license wasn't suspended he ordered me to give them to the court
appointed attorney. The Court appointed attorney ran in there and called Secretary of State Michigan.
Then when he came back he told the judge that his license is not expired. The judge then told the
attorney to hide the records in case he tries to bring a civil law suit and get him out of here. I was
released immediately and went outside to call my wife. She picked me up and took me home after
being at question for 30 days trying to figure out why these people would try to cover my drivers
license and take my truck. Every time I would talk they would violate my civil rights and constitutional

This is what happened. We tried to drive from Michigan to
Georgia. A million ½ half dollars in medical bills. I've
enclosed these documents so you are aware how corrupt

Leroy Walton do not have
money to pay filing fee. I am
totally indigent I don't have
any money or property. I
don't have anything
due to the city of Atlanta